IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Hamborsky,                    :
              Petitioner    :
                                             :
            v.                    : No. 1359 C.D. 2016
                                             : Submitted: June 30, 2017
Pennsylvania State Police,            :
              Respondent    :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                 FILED: July 24, 2017


       Richard Hamborsky (Hamborsky) petitions for review of an Office of Attorney General (OAG) Administrative Law Judge's (ALJ) decision affirming the Pennsylvania State Police's (PSP) denial of his application to purchase a firearm because of his prior conviction for driving under the influence of alcohol (DUI) which was graded as a first-degree misdemeanor. For the following reasons, we affirm.


**I.**

       In 2011, Hamborsky was convicted of violating Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c), due to driving under the influence with a blood alcohol concentration (BAC) of 0.166%. This offense was graded a first-

degree misdemeanor which resulted in a sentencing of three years of County Intermediate Punishment, defined as 30 days of incarceration in the Greene County Jail.[1]

In 2015, Hamborsky's application to the PSP to purchase a firearm was denied because under Section 922(g)(1) of the Federal Gun Control Act of 1968 (FGCA), 18 U.S.C. § 922(g)(1), his 2011 DUI conviction disqualified him from purchasing a firearm. The FGCA prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from purchasing a firearm. 18 U.S.C. § 922(g)(1). The term "crime punishable by imprisonment for a term exceeding one year" is defined as "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). Pennsylvania classifies a misdemeanor in the first-degree as one in which "a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years."[2]

Hamborsky challenged the denial of his application by seeking reconsideration from the PSP. When reconsideration was denied, he appealed to the OAG arguing that his DUI conviction was not one of the convictions

---

[1] Because Hamborsky's DUI was a second offense, it was graded as a first-degree misdemeanor. According to Section 3803(b)(4) of the Vehicle Code, an individual "who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4).

[2] Section 106(b)(6) of the Crimes Code, 18 Pa.C.S. § 106(b)(6).

enumerated under Section 6105(c) of Pennsylvania's Uniform Firearms Act (UFA), 18 Pa.C.S. § 6105(c), that would disqualify him from purchasing a gun. Under that provision of the UFA, Hamborsky would not have been disqualified because only "[a] person who has been convicted of driving under the influence of alcohol or controlled substance . . . on three or more separate occasions within a five-year period" is prohibited from obtaining a firearm in Pennsylvania. 18 Pa.C.S. § 6105(c)(3). While the ALJ agreed that Hamborsky did not have three DUI convictions within a five-year period necessary to deny him a firearm under Pennsylvania law, the ALJ nonetheless sustained the denial because the PSP was required to determine whether he was precluded from purchasing a firearm, not only under state but federal law as well.[3] Because Hamborsky was disqualified from purchasing a firearm under Section 922(g)(1) of the FGCA, the ALJ affirmed the PSP's denial of his application. This appeal followed.

**II**.

On appeal, Hamborsky does not challenge the fact that under Section 922(g)(1) of the FGCA, his DUI conviction disqualifies him from owning a gun. Instead, in his brief, he raises for the first time an as-applied challenge, contending that Section 922(g)(1) unconstitutionally takes away his Second Amendment rights because he is a non-violent offender who has, since his conviction, been a law-

---

[3] Under 18 Pa.C.S. § 6111.1(b)(1)(i), the Pennsylvania State Police has the power to:

> [R]eview the Pennsylvania State Police criminal history and fingerprint records to determine if the potential purchaser or transferee is prohibited from receipt or possession of a firearm under Federal or State law.

abiding citizen and his owning of a gun does not pose a continued threat to anyone. This challenge was not raised before the ALJ nor was it raised in the Petition for Review to this Court.

In general, Section 703 of the Administrative Agency Law[4] requires that an issue must be raised before an administrative agency before it is presented for appellate review. Pa.R.A.P. 1551(a), however, provides certain exceptions to this rule, including questions involving the constitutionality of a statute. The reason behind the rule that a facial challenge to a statute's constitutionality need not be raised before an administrative agency is that "the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled." *Borough of Green Tree v. Board of Property Assessments*, 328 A.2d 819, 825 (Pa. 1974).

While facial challenges can be raised at any time, as-applied constitutional challenges must be raised before the agency because, rather than the constitutionality of the statute itself, the issue is how the constitutional provision, as applied to the individual making the challenge, has an unconstitutional result. *Lehman v. Pennsylvania State Police*, 839 A.2d 265 (Pa. 2003). Not having raised his as-applied challenge before the ALJ, Hamborsky cannot raise this issue for the first time on appeal.

In any event, Hamborsky failed to include the as-applied challenge to Section 922(g)(1) of the FGCA in his Petition for Review. Under Pa.R.A.P.

_____

[4] 2 Pa.C.S. § 703(a).

4

1513(d)(5), a petition for review must provide "a general statement of the objections to the order or other determination," unless the court is able to address the issue based purely on the certified record. Even if this involved a constitutional challenge to the facial validity of a statute that does not require it to be raised below, that challenge is deemed waived when it was not set forth in the petition for review. *See Winchilla v. Workers' Compensation Appeal Board (Nexstar Broadcasting)*, 126 A.3d 364 (Pa. Cmwlth. 2015). Because his as-applied challenge was not raised before the ALJ or in his Petition for Review, that issue is waived.

For the foregoing reasons, we affirm the ALJ's decision.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Hamborsky,                          :
                    Petitioner               :
                                             :
          v.                                 : No. 1359 C.D. 2016
                                             :
Pennsylvania State Police,                   :
                    Respondent               :


**O R D E R**


AND NOW, this 24th day of July, 2017, the decision of the Office of Attorney General dated July 20, 2016, in the above-captioned matter is affirmed.


_____
DAN PELLEGRINI, Senior Judge